Good morning. Judge Toflat and I are happy and thankful to welcome Judge Huffaker from Montgomery, Alabama to sit with us today and tomorrow. Thank you for joining us to help us get our work done. Today we have three cases on the calendar. Please, counsel, as you're making your arguments, pay attention to our lighting and timing system. If you're answering a question from the court, you'll be on our time, but please make sure to give a reasonably brief answer so that we can move on to the next part of the arguments. Our first case is United States v. Marks. Mr. Mahoney for the appellant. Good morning, Your Honors. May it please the court. It's my honor to be before this court today. This case raises a very important question of the administration of the Criminal Justice Act. It comes up in an admittedly unusual scenario, and yet that does not diminish its significance. Mr. Mahoney, can I interrupt and ask a question? Yeah, of course, Your Honor. You're the boss. Was he ever declared an indigent? Yes, Judge. Okay. I thought he was. When, with respect to the district judge's statement, you can't use the money for such and such, what was his status then? At that time, we had not made application. The motion at that time was for both indigent status and for the relief of appointing . . . The reason I say is that Ake v. Oklahoma, you're familiar with Ake. Yes, Judge. It's an Ake case, basically. Yes. Well, except the district court judge agreed that under all the circumstances, we don't need to go into it, that Mr. Marks was indigent and eligible for his services and that . . . He was eligible. Yes, and that he . . . and currently, by the way, it's an important point, since this appeal was filed, Mr. Marks pled guilty under a plea agreement and is now serving . . . Okay, without other appeal. That's right. There's a separate appeal with CJA counsel. And I read the brief, but there's not an Ake claim in that brief. No, and that's the point of why we're here, Judge, because had the judge denied these services and had we gone without the testimony of Dr. Negron-Munoz, then that would have been an issue on the appeal, because we would have been deprived of that right under Ake to expert services, but . . . Wouldn't . . . Isn't it different because the court did approve an expert, an expert that understandably you weren't pleased with. I'm not weighing in on that, but isn't this a different case than if the court had said, no, you don't get any expert at all? Isn't it more similar to a dispute about the amount of fees for an expert or something like that? Sure, except that the problem is that I think the judge doesn't really have the prerogative to choose the defense, who's going to be the expert for the defense, and of course, not for the reasons that he gave. And then, of course, there's the more important point, ultimately, and I would be happy if this case were resolved on the initial issues that you raised, that the defense attorney ought to be able to choose who the expert is, and that even if the defense can't choose who it is and the judge has some prerogative to do that, this idea of an appropriate inquiry into the circumstances to make the decision, if the judge does have that power, the judge ought to at least conduct an inquiry to find out what really would be the right thing to do, which didn't happen here. Why isn't that an administrative decision rather than a judicial one? Because it's an equal protection argument, Judge. It's a question of enforcing the CJA is there not only to enforce the Sixth Amendment rights to counsel, and we know that it's very difficult for counsel to appeal the question of how much they get paid, but under the Equal Protection Clause, that is an issue of actually compensating and avoiding the expense on the part of an indigent defendant for the expert services they need. It's an entirely different question. It's a constitutional issue under the Equal Protection Clause. I'm still not sure why it's a constitutional issue as between two experts, one of which your client and you had hired before. It wasn't as if the court said, no, you can't have the expert you want. I went and picked out this other one that I just like for whatever reason. It was an expert that you . . . Again, I understand why you didn't want this expert in this context, but it was an expert that you had already selected in some sense. Well, but Judge Grant, Linda Geller, who was our psychologist, came into the case because she's an expert in autism. As we make clear in our briefs, and I think it was clear to the judge eventually that the purpose of her original report was to help us persuade the prosecutors that this case needed to be disposed of in a different way because autism reduced his actual culpability for the behavior he was charged with. It was only in passing that she raised this issue of competency. When that came up, then we hired a forensic psychiatrist, Dr. Danziger. That's one thing. She was very important in terms of autism, and we would need her in any event. Her evidence to be considered, and it was considered in the second hearing, although she didn't testify. But the problem here is that Dr. Geller was somebody who Judge Byron had already found was not credible without hearing her evidence. Of course, under Raddatz, there's real constitutional problems in a district court judge summarily deciding without a new hearing that a witness is not credible, but he did not hear that witness, and the magistrate judge did not make such a finding. We have a case where no defense attorney I maintain would ever choose to go forward with Dr. Geller on the second competency hearing. Let me ask you this. Yes, Judge. I don't know if it was you, but one of the attorneys on your side participated in a conference call with the court on January 8th. Why didn't you tell the court then about the presence and existence of Dr. Munoz at that time when already your office had retained Dr. Munoz, and Dr. Munoz was working on the case, so why not disclose it then or make a request at that time? First of all, that engagement of Dr. Munoz at the time was on the issue of criminal responsibility, not competence, so it was a completely separate question. Also, we did not have a report from Dr. Negron Munoz. I didn't know what she was going to say, and the government was present on this conference call, so it was really an ex parte kind of question coming up in that context. I will say I should have said something more to clarify that we were exploring this. We had talked to somebody about it, but I didn't. People think maybe just because you're a higher expert, they're going to testify the way you want. Well, I didn't know that. We did not engage her until after Dr. Montalbano, who had been hired by the government, came back and said that, yes, he had a serious mental disorder. Nevertheless, he didn't find that that prevented him from understanding the nature of the charges and that it was wrong, so then we knew we had a fight on the issue of insanity if we had to go to trial. But again, back to my original point, that issue of Dr. Negron had nothing to do with the question of competency, which arose really when it turned out that after we spent about 30 hours on videotaped conferences with my client, who was up in Idaho, trying to assist him in becoming competent, telling about the laws, telling about the procedures and the choices he had to make. And it was at the conclusion of that and a plea deadline that we determined that Stephen didn't know what to do. And that was our main issue on the competency question that's going to be in a separate appeal. But at that point, in order to not lose the benefit of the plea agreement, I told Stephen, OK, I think you should sign this. So he signs the agreement. But then I raised the question, I think very properly, that I didn't think he was competent to do that and not competent to enter a plea. So that was months later. And that's when we asked Dr. Negron, the judge to appoint Dr. Negron, because she had seen those videos as she was preparing the possibility of offering an opinion on his lack of criminal responsibility. So they're way separate in time, way separate in topic. So the question here with Dr. Negron was a pure question of can the defense choose, if we are eligible for these services under the CJA, as the judge said we were, and eligible to have a psychiatrist or psychologist, as judge found we were, can I pick that person? And should the judge have anything to say about it unless there's something wrong or rational about that? And I think that the reasons we go through it in detail, why we think the reasons the judge said, oh, she's more economical or she's capable of doing it, he didn't even know she was available. He had no idea about that, because there was no appropriate inquiry as 3006A requires. It was just a one-way street from Judge Byron. So I think those things, I would be very happy if this case were decided in our favor on those grounds. I hate the real issue in this case, and I haven't mentioned it, because I think that's why the procedures weren't followed, and it's our prerogative to decide who to hire. But what Judge Byron did in requiring us to use Dr. Geller is, it's baffling to me, because he had already found, after the first hearing, without even hearing her testimony, that she was incredible. He made an adverse credibility finding, as did this witness. Wasn't that on a different question, though, for a different? No, it's a question of competency. Use her and her as a witness. You can't sever the two. And in fact, we even agreed that the record on the first competency hearing would be considered in the second competency hearing, in order to avoid duplication of evidence. So this is a judge relegating us to a witness. He had already found incredible, on exactly the same subject matter that she would ever talk about, and saying that she personally was partisan, because she was speaking in favor of being considered by the courts and by the government, and that she was not credible. You can't unring that bell. Why should we be hearing this matter now, as opposed to in the context of a conviction? Because Judge Negron Munoz testified at trial. Usually, these kinds of problems arise administratively. When, under the Criminal Justice Act, when the chief judge of the circuit is asked to pass on the compensation issue. Right. That's kind of a side issue. Yeah. And if there's a denial or some kind of interference, it goes to the validity of the conviction. Right. Usually, the A kind of claim is cognizable on direct appeal, rather than on collateral attack, and why is that? It's because usually, all the evidence is before the court. It looks like you got a situation here where all the evidence isn't before the court. Is that right? Yes, Judge, except . . . Okay. So here, you think . . . Yeah, go ahead. In the criminal prosecution. Think about it from the defense attorney's perspective, Judge. Should I have said, okay, Judge Byron won't allow me to use a witness who is has reviewed all the material and understands disabilities and so on. Should I forget about that because he won't give me the fees, or should I go with Dr. Geller, who he would pay for, but who he's already found not credible? The judges ultimately get aside this question of competency. As already in the same issue . . . Well, the judge has committed error, in effect. Well, but the point is . . . But then, it's brinksmanship, Judge. Do I go with that . . . Do I preserve that issue and lose the . . . It could preserve. Yes, but I'm going to lose the competency. Well, that happens all the time. It's unfortunate, but that's true. But I had a choice, and my choice was to nevertheless retain Dr. Negron-Munoz to give the evidence I needed so I wouldn't be dependent on somebody who the issue then is . . . it becomes a pure question of whether or not Judge Biden was in error in not allowing us to . . . in not authorizing fees for that doctor. If he was, then this matter should be remanded back to that court to set fees for that witness. I know you're over your time, but as I said, you're on our time. Here's the problem I have. As I've said, I'm extremely sympathetic to your situation. But the rule for jurisdiction that we have will apply to everyone. I think you may have a pretty extreme case of this, but let's say that in a different case, someone had an expert who . . . they just didn't think it was that great, and they wanted to just start over with a new competency expert, someone who would have to get up to speed from the start, who would be very expensive, very time-consuming, etc., etc. But under the rule you're suggesting, I think other than the facts of your case are obviously worse, we would be able to review the court's decision on that too. I think that gives me some pause, because it does seem like an administrative decision of the judge, regardless of whether I think it was a good one or a bad one. What's your response to that? I think it is a question of the facts, Judge, and I agree that that's a decision . . . that's you're citing a case that we've cited and we've discussed in our brief. I think that's a very different question. Here we have it as a matter of fact. The judge said, we do need a new expert. We do need an expert, and he's eligible for it. The only question is who. So it's not a question of whether another MRI is needed and that sort of thing. So it's a pure question. The judge, Byron, to his credit, he granted those . . . You had a classic agent case. Had I . . . it would be, Judge, it would have been, had I decided to rest my client's fate on winning that appeal, all right? But I thought it better for my client to have the best witness and one that's appropriate and one who had already not been discredited by the judge who's ultimately going to make this decision. That's a bad situation for defense counsel to be in. Did the judge realize he had an ache problem? Was there any dialogue in which the issue of ache was raised? Well, no, Judge, because . . . well, yeah, I think it was. I know you didn't have an order declaring him indigent at the moment, but he was. There was never any dialogue about this. There's no . . . Judge Byron didn't call me up or we didn't sit down and talk about this, and there was no oral argument about this question. And so to get back to your question, Judge, why couldn't this be in the current appeal? Well, what attorney in their right mind, when there's an issue of competency which does survive a plea, would spend the time before this court arguing that, number one, a completely collateral question involving paying an expert, which has nothing to do with the validity of the conviction. Why would they ever waste time before this court? Yeah, but it's a denial of the witness is what it is. But we avoided that question by calling the witness anyway. To not . . . again, to avoiding the brinksmanship of making this in a case when it didn't need to be, and also when it wasn't the best interest of my client. I would much rather go forward with a witness . . . You avoided structural error by going ahead. Yes, in the criminal case, absolutely. But I think that nevertheless preserved . . . So on appeal of the conviction, it would have been a waived point. I don't think it would be waived because waive is a conscious knowing foregoing of a right. Either that or it's a subject of a collateral attack if all the evidence isn't there. Well, again, I think the point of the court's jurisdiction here is the completely collateral nature of this issue. The conviction does not depend on it because of the choice I made. Now, I agree, most CJA counsel, because I wasn't there as CJA counsel, they never would have done this. They would have become an ache issue. But why should the defendant, in terms of equal protection rights, be disadvantaged just because his lawyer makes a choice that puts him in the best posture in possibly persuading the court on the issue of competency? So that's why I think that this court has to be able to hear this case because this is a constitutional question. It has to do with the integrity of the administration of the CJA judge. So I see my time is more than up, and you're not asking me another question, I see. So I'll sit down, Judge. Thank you. Mr. Siakkanen for the United States. Good morning, Your Honors. May it please the court. Sean Siakkanen for the United States. We have no interest in the outcome of this appeal. The court requested our view on the jurisdictional question, and I'm here to provide that. I'd like to start by reiterating that this appeal arises from an ex parte proceeding in which we were not involved. We have no dog in this fight. Our only role here today is to provide our best view of the relevant statute and cases. With that said, it appears... Isn't this an ache claim at heart? I'm sorry, Your Honor. It's basically an ache claim at heart. I was looking through the briefs. I heard you mention that case. I'm not familiar with that case, Your Honor. I'm sorry. It's not mentioned, but you have a situation in which somebody needs an expert witness and say they're indigent, and they ask the court to provide one, and the court, in effect, doesn't. And that's a structural ache error. You're familiar with that? I am not familiar with that. I will accept that as true. Okay. Well, let's assume that's so. Then on direct appeal, there's a reversal. The issue of the denial of expert witness, what one has needed, is a reversal. So what you have here is, instead of . . . So what you have is, there's a denial, and then the defendant puts on evidence anyway. I have no reason to disagree or doubt any of that, but I apologize, I'm not familiar with that case. Well, it's a lot of cases. Understood. And to reiterate, we don't have a dog in this fight, and I don't take any issue with any of that. I guess, I would start here. Subject to my opening caveat, we believe that this court lacks jurisdiction because Mr. Marks challenges the merits of the district court's ruling, and the only relief that he seeks is the disbursement of CJA funds, not a new competency hearing. The only circumstances of which I'm aware in which this court has exercised appellate jurisdiction over CJA rulings are, number one, this court may review whether the denial of services or representation prejudiced the defendant, and that's not argued here. Number two, this court may, in very limited circumstances, review whether the district court followed specific enumerated procedures, such as a notice requirement in exercising its administrative duties to make compensation determinations, and we don't think that's really what's at issue here. So that's the framework through which we have viewed and continue to view this appeal, and that's why we think that for this court to exercise jurisdiction here would be an expansion of its existing case law, and I'll just leave it at that, and I welcome any further questions. You don't think that their argument can be read as alleging prejudice based on this decision? I do not read his argument to allege prejudice. I know that he invokes the Constitution, but I'm not sure what the prejudice argument would be. First, the argument would need to be that there was some adverse erroneous effect on the competency ruling, and I don't even read his brief to request a new competency determination. It seems to me that the prejudice argument would be that his client would be prejudiced. Now, the would be versus was maybe a problem, but would be prejudiced by having to use an expert that the district court had already deemed unreliable. Well, I recognize that that is an argument that could have been made or could be made in circumstances like this, but our view is based on what the court said in its order on May 5th, 2021, and what Mr. Marks says in his brief. On page 34 of his brief, he says, the issue is only the entitlement to reimbursement for expert fees under the CJA, and on page 48 of his brief, he says, when else might Mr. Marks seek reimbursement for expert services? So again, we don't have a dog in this fight, and we don't have an interest in the outcome of this appeal, but it does seem to us that this appeal is a straightforward quintessential compensation dispute under the CJA that typically falls within the responsibilities of the district court. If this court has no further questions, thank you. Thank you. Mr. Mahoney, you've retained your three minutes for rebuttal. Yes, as we say in our reply brief that the government agrees that there are times when the court can adhere an issue such as a problem with the procedures being complied with. Here, the procedure under 3006A requires the district court to make an appropriate inquiry. We spent several times trying to get the judge to do that. I moved to reconsider two times and sought permission a third time. I don't know that procedurally the judge didn't make an appropriate inquiry. He just made a decision that you disagreed with, right? No inquiry. He made assumptions about Dr. Geller's available, assumptions about economy, assumptions that Dr. Geller was ready and able to hear the case. Of course, I do think that there's something flabbergasting about . . . Again, I wish this were not the main point this case could be decided on, but I think it's flabbergasting that the judge would even consider making us have only Dr. Geller as our witness at a compensation. I think the problem is . . . That's not the circumstance here, though. It's not a circumstance where he denied your request, and then you could not use this expert. You did. You do acknowledge you have suffered no actual prejudice other than the money out of your pocket, correct? Exactly. But that money is what equal protection is about. When it comes down to it, equal protection in the case of CJA is about money. When we say the district court is free to disregard, to not allocate resources for the defense, as long as it doesn't end up prejudicing the criminal case, then you eviscerate the spirit of the Criminal Justice Act. But it only happens on cases like this, where somebody's defense attorney is stupid enough, like me, to say to the expert, look, if the judge doesn't cover, somehow we'll find some money for you. With a family that's out of funds, and a defense attorney who's deeply in the hole. But the problem, going back to Judge Toplat's question, I don't think that appellate courts should endorse the idea that we force defense counsel in this situation to go with the witness the judge is not going to believe. Counsel, I'm not saying that. You're familiar with Ake v. Oklahoma, the whole line of . . . That was a psychiatric evidence case. A defendant is entitled to an expert witness, and the court has to grant one, assuming that the threshold findings are made, which they were in this case. I agree with you. Okay. If the court denies it, there is a due process violation right on there, and it stays there, and you take it up on direct appeal, and we call it structural error. Even if the defendant, being denied the right, fumbles around and tries to make the point that the expert would, it's still fundamental error. Okay. So there's one other, okay, there's one other way. If you just want money, and you're not talking about a due process violation, you've got a claim against the government that probably in the court of claims or some such place for payment of money. But usually, if it either comes up on appeal as a constitutional due process claim under eight versus Oklahoma in its progeny, or it's an administrative matter that goes to the chief judge of the court having to do with the Criminal Justice Act payments, it doesn't come up as a collateral Cohen doctrine claim under 1291 of Title 28, which is where we are here. Okay, and I understand you, Judge. And that's why when I read the brief and the direct appeal from the conviction, I say not a mention of this. Exactly. Why would they? The lawyer would have said that the client was indigent and asked for funds to hire an expert, and the court denied it flat out. And that's a due process violation. Your Honor, I have to go back to what Judge Grant said earlier, which is that the judge did appoint Dr. Geller. So the posture of the case would not be a pure ache issue. It would be a question of ache minus. In other words, was a finer question of were we prejudiced by having Dr. Geller as opposed to Dr. Negron-Morris. It's always the case where in every ache case, ache kind of case, where the defendant is denied the access, then the defendant goes off and finds somebody else, maybe not as adequate or whatever, and proceeds. You still have a violation. Except in this case, the judge did say he would appoint Dr. Geller. It wasn't like somebody had to completely circumvent the judge's finding. So I think that this is somewhat removed from that. And again- My understanding was that he said you have so much money to hire somebody. Is that not right? Money wasn't even discussed. It was just that- Well, you can hire somebody. You can only hire Dr. Geller. You can't hire Dr. Janziger, and you can't hire- That's a denial. It is a denial. That's an effect. What the court's, in effect, doing in its own power is hiring an expert. Had I known you had that opinion, Judge, I would maybe make a different decision if I knew you were going to be on my panel at this court. But I can't wait. It's rolling dice. And I think the problem with the government's argument is it says that defense counsel has no choice but to accept this and try to make some issue of it on appeal rather than do what's in the best interest of the client, which in this case was basically reaching into my own pocket for a while until- So the question is whether we hear the error here on a sort of a collateral proceeding or whether you hear it on direct appeal. Yeah, and I think that it was a final decision, and I think it was totally collateral, and all the cases of the government, all these issues about compensation attorneys and so on, that isn't our case. Our case is completely different. And, Your Honor, I don't- If I'm totally out of line in raising this, Judge, we did ask to proceed to inform a property case originally, which officially was denied on the grounds that the appeal was considered frivolous. I don't think it was frivolous. I don't think it would be here if the court- We later asked to reconsider that after our whole argument was set, and that was denied out of hand without a reason. If it's possible for that to be reconsidered, it's only a question of expenses, not paying me. I deeply appreciate that. Thank you.